GRAFTON.

---

## LEONARD v. BATH.

The statement of a claim of traveller's damages, prescribed by Gen.
  Laws, *c.* 75, *ss.* 7 and 8, for giving the town certain means of investi-
  gating the claim before suit, cannot be so amended by order of court
  as to give the required information after suit brought.

CASE, against a town for traveller's damages under the highway
act. The plaintiff moved to amend the statement of his claim
which he had filed with the town-clerk.

*Bingham, Mitchell & Batchellor*, for the plaintiff, cited *Trust Co.*
v. *Portsmouth*, 59 N. H. 33; *Bartlett* v. *Lee*, 60 N. H. 168.

*Carpenter & Carpenter*, for the defendants. I. The notice filed
is insufficient in law. (1) It is not under oath; (2) it does not
designate the "exact place where such damage was received; (3)
it not only does not give a "full description of such injuries and
the extent of the same," but does not even mention the fact that
any injuries were sustained; (4) it does not state the "amount of
damages claimed."

II. The amendment should not be allowed. To permit it is to
annul the law. G. L., *c.* 75, *ss.* 7–9. The statute is a remedial one.
"There are three points to be considered in its construction—
the old law, the mischief, and the remedy; and it is the business
of the judges to so construe the act as to suppress the mischief
and advance the remedy." 1 Bl. Com. 87. (1) The old law
placed no restrictions upon the bringing of suits for highway dam-
ages. No notice to towns was required. Six years was the only

limitation of time. (2) The mischief. Before the statute was passed, gross abuses existed in the matter of these suits, and gross frauds were continually perpetrated upon towns. Instances were numerous where the fact of the injury was carefully concealed, until the lapse of time rendered it impossible for the town to obtain any evidence, either as to the condition of the highway, or the extent of the alleged injuries. Suits were brought just in season to prevent the outlawry of the claims, and the plaintiffs had everything their own way. Manufactured cases were not infrequent. Imposters were given opportunities which they did not fail to improve. *Hillsborough* v. *Nichols*, 46 N. H. 379. Large verdicts were recovered in cases where there was every reason to believe that the defendants were not liable, or, if liable at all, that the damages had been greatly aggravated. The abuse became intolerable, especially in large cities. Before the statute of notice was passed, "suits were frequently brought against the city [Boston] at a time so remote that it was impossible, in many instances, to ascertain if the allegations of the plaintiffs were true, although there was reason to believe, many times, that the city was being deceived. The favorite cause of action was for falling upon a slippery sidewalk; and the juries almost invariably found for the plaintiffs. * * Finally the court reversed its former ruling, and held that ice and snow upon the sidewalk did not constitute a defect, unless in the nature of an obstruction. A very singular change of base was suddenly made in a case where the jury disagreed at a previous trial,—the same witnesses who swore at the first trial that the sidewalk was so slippery as to be very dangerous, swearing at the second trial, with equal earnestness, that the ice and snow had been allowed to accumulate to such an extent that it made a ridge, over which it was dangerous for a person to pass." (3) It was to remedy such abuses and suppress such frauds that the law requiring notice within ten days was passed. The object to be effected by the statute was in the interest of towns. *Law* v. *Fairfield*, 46 Vt. 433; *Lyman* v. *Littleton*, 50 N. H. 42, 44. The reasons and history of its passage are common knowledge. The former have been well stated in other jurisdictions. *Kent* v. *Lincoln*, 32 Vt. 591; *Law* v. *Fairfield*, 46 Vt. 425; *Kenady* v. *Lawrence*, 128 Mass. 318. They are also implied in the statute itself, which provides (G. L., c. 75, s. 8) that no suit shall be brought until the town " has caused an investigation to be made of the causes and extent of the injuries for which the damages are claimed, and notice of their decision has been given to said claimant. * * ."

The purpose of the law, in brief, was, (*a*) to prevent litigation by giving a town an opportunity to pay the damages claimed, without suit; (*b*) to enable the town authorities carefully to examine the place of the injury within a few days of its occurrence, and secure testimony as to its condition, before it was

altered by natural causes or by repairs; and (c) to give them a
chance to investigate the "causes and extent of the injuries" and
the circumstances attending the accident, to procure evidence as
to the same, and thus prevent the setting up of a fraudulent or
unfounded claim years afterwards. By the allowance of this
amendment the statute would be abrogated, all the abuses
intended to be avoided by its passage would exist, and none of
the advantages intended to be secured to these defendants would
have been enjoyed. The notice was defective: it was in law no
notice. The selectmen were not bound to pay the slightest atten-
tion to it. They have been given no chance to adjust the claim
without suit. Upon the other hand, the plaintiff has the oppor-
tunity, which the legislature intended he should not have, to prac-
tise every deception upon the town. To allow him at this stage
of the proceedings, after ten months from the date of his injuries
have elapsed, to amend his preliminary notice by inserting in it
the information which the law says shall be given the town
within ten days, is to repeal the statute. Of what account is it
to these defendants now to know the exact place where and the
time when the injuries were received, the nature and extent of
the same, and the amount of damages claimed, when all the
advantages intended to be given them by the legislature by means
of such information are forever lost? If this information can be
inserted now by way of amendment, why could it not be inserted
five years from now? If this information can be given at this
time, why may not the whole notice be filed ten months after the
accident? If this notice, so utterly deficient in all the statutory
requirements, can be amended, how can any notice ever be held
unamendable? If anything at all be filed within ten days, no
matter how lacking in form or substance, can any exception to
its sufficiency ever avail? or when taken, can it be immediately
cured by amendment? The statute was intended to give towns
some advantages that they did not before enjoy; but if the amend-
ment is allowed, what advantages will these defendants have had
that they would not have had before the statute was passed?

The statute says "no action shall be commenced until such
claim has been filed as aforesaid." Could stronger language have
been used to express the meaning we contend for? Can anything
be plainer than that the legislature intended to make the filing of
a statement, containing all the information required by s. 7, c. 75,
a condition precedent to the maintenance of a suit? Even when
a petition for leave to file a claim, brought within six months, is
granted, the statute says "but no action shall be commenced on
any such claim until the expiration of thirty days from the time
when the same is filed." The petition is merely a preliminary
step necessary for filing a claim with the town-clerk, which is a
step necessary to be taken before the action is brought. "This
notice is a condition precedent to the right to maintain an action

against the city or town. * * In this case the plaintiff failed to give the notice. * * No liability ever attached against the city, and it was not within the power of the city counsel to create a liability by any agreement or waiver." *Gay·* v. *Cambridge*, 128 Mass. 387; and see *Mitchell* v. *Worcester*, 129 Mass. 525. In a trial of this case it would be an indispensable part of the plaintiff's proof to show that he had complied with the preliminary requisite of notice. *Matthie* v. *Barton*, 40 Vt. 290. "The statute of frauds in its language has a strong analogy. Like this statute, it does not attempt to affect the contract or cause of action, but denies the remedy unless the preliminary act, viz., a notice in writing, of a specified character, shall be given; and we see no reason why this statute should not be substantially complied with, as has always been required in case of the statute of frauds." *Underhill* v. *Washington*, 46 Vt. 771. In that case, and in *Wheelock* v. *Hardwick*, 48 Vt. 19, insufficient notices were filed. At the time of filing, the plaintiffs gave verbal information to the selectmen, which, if in writing, would have made the notices sufficient; but evidence of the same was rejected. How much more should the information in this case, sought to be given ten months after the accident, be rejected?

Before an action can be sustained against a town for the support of a pauper chargeable thereto, the statute (G. L., *c.* 82, *s.* 11) requires notice to be given to the town. Although such notices have often been held insufficient *( Chichester* v. *Pembroke*, 2 N. H. 530, *Meredith* v. *Canterbury*, 3 N. H. 80, *Gilford* v. *Newmarket,* 7 N. H. 251, *Barnstead* v. *Strafford*, 8 N. H. 145, *New Boston* v. *Dunbarton*, 12 N. H. 409), the idea of curing their defects by amendment apparently never occurred to counsel or court. So, in Massachusetts and Vermont, where statutes similar to the one upon which our defence is founded have been many times adjudicated, and where, in nearly all the reported cases, the notices have been held insufficient, the idea of rendering such notices sufficient by amendment has seemingly never been dreamed of. Suppose a notice to take depositions does not specify the place where they will be taken, and the adverse party therefore does not attend the caption: at the trial of the case can an objection upon that ground to the using of the deposition be avoided by inserting the "place where" by way of amendment? But that is exactly this plaintiff's position.

The statute of amendments is to be so construed as to execute, and not defeat, the legislative will. That will, declared in language free from all ambiguity and doubt, is, that no action shall be brought by this plaintiff until his "claim has been filed as aforesaid." The statement of claim, which he was required to file with the town-clerk before suit, is not covered by the statute of amendments. It is not a "writ, declaration, return, process, judgment, or other proceeding in the courts or course of justice." It is not a

record of the court, or a paper of procedure, and can no more be amended by the court than can a private contract.

It is a general rule, that amendments can be allowed only when conformable to the truth. *Baker* v *Davis*, 22 N. H. 27, 33–35; *Bank* v. *Goodall*, 41 N. H. 81; *Roberts* v. *Holmes*, 54 N. H. 560. If this notice had been under oath, and the magistrate had neglected to affix his certificate, the court could consider an application to amend the notice in that regard; but an amendment showing that this notice was sworn to would not be true.

It is a universal rule, that no amendment shall be allowed except upon such terms as shall fully indemnify the opposite party. But what terms can be named here that will indemnify these defendants for their failure within ten days to examine the place of the accident, the extent of the plaintiff's injuries, and to procure evidence in regard to the same? If this amendment is allowed, and the plaintiff should then prevail upon the merits, who shall say that he does not prevail by reason of his neglect to give proper notice?—or that the defendants are not defeated, because, for the same reason, they are unable to show that in fact the accident was caused by the plaintiff's carelessness?—or that the damages allowed are not greatly augmented because the defendants were not informed within ten days of the extent of his injuries?

It is not an "amendment" which the plaintiff offers. That term as here applied is a misnomer. He, in fact, asks leave to file a new notice; and should have applied by petition within six months, under *s.* 9, *c.* 75 of the Gen. Laws. That section is an absolute statute of six months' limitation. The six months cannot be extended. *Larkin* v. *Portsmouth*, 59 N. H. 26. The plaintiff seeks to do, ten months after his accident, what the statute says must be done, if at all, within six months, "and not afterward."

Doe, C. J. If it could be and were legally proved by parol that "the exact place where" the plaintiff's "damage was received" was described by his statement that he "broke through a plank bridge  *  *  on the new road between Bath and Woodsville, near the Haverhill line," there would remain other defects not curable by extraneous evidence, or by amendment. The defendants give satisfactory reasons for the opinion that the legislature did not intend the statement might be amended by order of court at the trial. If the notice which the law required the plaintiff to file with the town-clerk could be regarded as a "proceeding in the courts or course of justice," within the statute of amendments (G. L., *c.* 226, *ss.* 8, 9, Laws of 1879, *c.* 7), the object of requiring him to give the town the prescribed information within ten days after receiving damage and before suit would not be accomplished by an amendment giving that information after suit brought.

*Motion denied.*

Carpenter, J., did not sit: the others concurred.