CARR v. ASHLAND.

The statement required by Gen. Laws, *c.* 75, *s.* 7, of the exact place where damage to a traveller on a highway is received, is sufficient if, upon the information contained in it, and by the exercise of reasonable diligence, the officers of the town can find the place.

CASE, for injuries upon a highway. Facts found by a referee. The accident happened January 28, 1882. February 3, 1882, the plaintiff filed with the town-clerk a statement as follows : " To

the town of Ashland in the county of Grafton. Harrison Carr, of Holderness in said county, on oath states that a certain highway in said Ashland, at a point at the junction of the highway leading from Horace J. Beede's house in said Holderness with the highway leading by the house of B. F. Cox in said Ashland, and extending easterly about six rods, on the 28th day of January, 1882, was obstructed with snow, defective, insufficient, and in want of repair, and unsuitable for the travel thereon; that by reason of said obstruction, defect, insufficiency, and want of repair of said highway, the said Harrison Carr, on said 28th day of January, at said junction and easterly thereof about six rods on said highway in said Ashland, while travelling with his horses and carriage on said highway, was damaged," &c., &c., setting forth the particulars and extent of the injury and the damages claimed in a manner not objected too. The defendants, at the hearing before the referee, objected that the place of the injury was not described with sufficient exactness. The road leading by the house of B. F. Cox runs nearly east and west. The Beede road enters upon it from the north, and is nearly perpendicular to it. A part of the travel from the Beede road goes east and a part west on the Cox road, making two travelled tracks for a short distance on the former road, which unite with the travelled track of the Cox road at points some three or four rods apart. The place of the accident was between them and fifty feet from the westerly junction. By making reasonable surveys and measurements the plaintiff could have described the place of the accident more plainly. The next day after the statement was filed, the defendants' officers visited the place of the accident and found its exact location, but on information not given by the statement.

*J. L. Wilson*, for the plaintiff. The notice is sufficient. G. L.' c. 75, s. 7. If insufficient, the defendants are estopped from taking the objection. It comes too late. It should have been taken at the first opportunity. The notice was served February 3, 1882. The defendants recognized it, acted upon it, and treated it as a valid and sufficient notice up to the time of the hearing before the referee, April 27, 1883, and whatever objection there may have been to the notice was waived.

*Burleigh & Adams*, for the defendants. The words "exact place" in the statute (G. L., c. 75, s. 7) should be strictly construed. *Leonard* v. *Bath*, 61 N. H. 67. The Massachusetts courts say that their statute, providing, among other things, that notice shall be given of the "time, place, and cause of the said injury," is intended to secure to the city or town to which the notice is given such information as to the exact locality and as to the nature of the alleged defect that it will be able to judge for itself whether any cause of action really exists, and to repair the defect, if a real

one, before injury results from it.  *Miles* v. *Lynn*, 130 Mass. 401 ; *Donnelly* v. *Fall River*, 130 Mass. 115 ; *Noonan* v. *Lawrence*, 130 Mass. 161 ; *Larkin* v. *Boston*, 128 Mass. 523.

The Vermont statute of 1870 required a notice to be given, stating " the time when and place where said injury was received."  Under this statute the court of that state has uniformly held an accurate description of the place essential to the validity of a notice.  *Law* v. *Fairfield*, 46 Vt. 425 ; *Babcock* v. *Guilford*, 47 Vt. 519 ; *Bean* v. *Concord*, 48 Vt. 30 ; *Reed* v. *Calais*, 48 Vt. 7.  In the last case the place described in the notice was, " in the highway near the residence of Franklin Rideout," and it was held insufficient, the court saying in substance that the notice should point as directly and plainly to the place as is reasonably practicable, having regard to its character and surroundings.  In *Purrington* v. *Warren*, 49 Vt. 19, the following description was held insufficient : " on the highway near the widow Ira Grandy's dwelling-house, a short distance easterly on the road from said house."  In *Holcomb* v. *Danby*, 51 Vt. 428, the following notice was held bad : " on highway leading from Danbury Four Corners to Tinmouth, near by house of H. S. Herrick in Danbury." The injury happened to a stranger not acquainted with the locality, twelve rods north of the house, by a log in the highway. There was an orchard on one side of the road opposite the place of the accident, a division fence between two farms thirteen feet south, and a small bridge three or four rods distant.  See, also, *Boyd* v. *Readsboro*, 52 Vt. 522 ; *Perry* v. *Putney*, 52 Vt. 533, 536.

The notice is bad on its face as matter of law, because it states either a changeable point varying six rods in location, or two places about six rods apart.  In effect, it says the accident took place at a given point, and that it did not take place at that point but about six rods easterly thereof.  Here is a plain contradiction of terms.  Where should the selectmen look for the place,—at the junction named in the notice, or about six rods easterly of that point?  Should they look for one place, or two places, of accident? If it is claimed that two places were intended by the notice to cover one accident, and that " the point at the junction" is a sufficient description of one, " about six rods easterly" of this point does not describe the other *exact place*.  How far is " about six rods" ? One might call it four, another five, and another five and a half rods, and different boards of selectmen might not agree any better. The statute does not say the exact place substantially, nor about the exact place.  It is the *exact* place that must be stated, so that three selectmen could each go singly to the same exact spot by aid of the notice alone.

The referee finds that the plaintiff could have described the place more plainly had he made reasonable surveys and measurements.  His laches debar him from equitable considerations.

No objection need be taken to the notice till the trial of the cause. It is no part of the pleadings. It need not be mentioned in the plaintiff's declaration. No special plea is required. It is a matter of evidence necessary to the proof of the plaintiff's case, and may be answered by the general issue. *Kent* v. *Lincoln*, 32 Vt. 591; *Matthie* v. *Barton*, 40 Vt. 286; *Doyan* v. *School District*, 35 Vt. 520; *Pratt* v. *Sherburne*, 53 Vt. 370.

CARPENTER, J. The objection to the sufficiency of the statement was seasonably made. The plaintiff need not set out the statement in his declaration, or allege that he has filed one. It forms no part of the cause of action. 1 Ch. Pl. 222–225. The omission to file it is matter of defence, and may be taken advantage of under the general issue (1 Ch. Pl. 491), or may be pleaded in bar of the action. It was so pleaded in *Leonard* v. *Bath*, 61 N. H. 67.

Whether the exact place where it is claimed the damage was received is sufficiently designated in the notice, is a preliminary question of law and fact to be determined by the court. Like kindred questions, it may, however, be submitted with proper instructions to the jury. *Bartlett* v. *Hoyt*, 33 N. H. 151; *Field* v. *Tenney*, 47 N. H. 513, 521; *Hall* v. *Brown*, 58 N. H. 94. It is not necessary to its decision that the court should find either that any damage was received, or that it was received at the place specified. If the notice describes an exact place within the meaning of the statute, the plaintiff cannot be nonsuited, or subjected to a verdict against him upon a finding by the court either that no damage was received, or that it was received at a different place. The questions whether the plaintiff was injured, and, if he was, whether he was injured at the place named in the statement, are for the jury. To their verdict thereon the plaintiff is entitled as of right.

A statement can seldom, if ever, be declared bad upon its face, for the reason that it fails to point out the place with sufficient accuracy. A description, apparently of the most general and indefinite character, when applied to the ground, may locate the place with the utmost exactness; as, if it is said to be upon a named highway in the town, or in a certain school or highway district of the town, and it is found that the highway falls within the town or district at only a single point. On the other hand, a statement of the greatest apparent certainty may, in fact, designate no place, or any one of several different places; as, if it is declared to be at or opposite a certain monument, and it is shown that there is no such monument, or that there are many similar monuments situated widely apart.

The object of the statute in requiring a statement of the place where damage is received to be filed with the town-clerk within ten days is, to enable the town authorities to examine the place

shortly after the alleged injury, and before the condition of the highway is materially altered by the action of the elements or otherwise, to the end that they may judge for themselves whether the plaintiff has a just cause of action, and take measures to protect the town from unnecessary and useless costs or from unfounded claims. *Leonard* v. *Bath*, 61 N. H. 67. If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute. Whether upon the information contained in the statement the place could be found by the exercise of reasonable diligence is a question of fact, to be determined upon the evidence by the court at the trial term. Its finding is not reviewed or reconsidered at the law term, if there was competent evidence upon which it could be made. *Lefavor* v. *Smith*, 58 N. H. 125; *Fox* .v. *Tuftonborough*, 58 N. H. 19; *Whitcher* v. *Dexter*, 61 N. H. 91.

The exact place where the damage is received may comprise a distance upon the highway of many rods. The damage may be received in two or more places. A statement is not necessarily insufficient because it declares that the damage was received at a point named and thence for a certain distance to another point, or that it was received at two or more points, or because it describes one place and two or more places are found to answer the description. It may be that in all these cases the place is designated with such certainty that no person of common intelligence could, with reasonable effort, fail to identify it. The statute does not require that the defects in the highway, by which it is claimed that the injury was caused, should be specified. Cases may happen in which a statement in strict compliance with the letter of the statute would fail to give the information which the legislature intended to require. A highway may be defective by reason of an object in or near it calculated to frighten horses. *Chamberlain* v. *Enfield*, 43 N. H. 356; *Darling* v. *Westmoreland*, 52 N. H. 401. The traveller, in consequence of his horse's taking fright, may be thrown from his carriage, and, in a literal sense, receive damage at a place far distant from the object, and where the highway is in perfect condition. *Merrill* v. *Claremont*, 58 N. H. 468. A statement by the claimant that he received damage at the last named place, though literally true and a formal compliance with the statute, might convey no useful information to the town authorities; on the contrary, it might tend to mislead and deceive them. In various other possible cases the damage may be received at a point in or outside of the highway more or less distant from the defect by which the injury is caused. Whether in such instances one only of the places, and which one, or whether both places, should be so described in the statement that by reason-

able diligence they may be found, are questions which need not now be determined.

The referee has not stated whether upon the information contained in the statement the defendants' officers could by reasonable diligence have found the place where the plaintiff claims that he received damage, but has merely reported facts which are evidence competent to be considered upon the question. The report may be recommitted to the referee to find the fact, or it may be determined by the court at the trial term.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.