Merrimack, }
June, 1895. }

## CURRIER *v.* CONCORD.

Whether the information contained in the statement required by G. L., *c.* 75, *s.* 7, of the exact place where damage to a traveler on a highway is received, is such as to enable one, by the exercise of reasonable diligence, to locate the place, is a question of fact for the trial term.

At a hearing before a committee of the city government upon the plaintiff's claim for damages caused several months before by a defective highway, the committee's failure to object to the sufficiency of the notice served upon the city is not a waiver of the city's right to raise that objection.

CASE, for injuries caused by a defective highway. In the statement required by G. L., *c.* 75, *s.* 7, which was filed with the city clerk December 28, 1891, the plaintiff states that she was injured December 19, 1891, "while traveling on foot along the sidewalk on the west side of the highway leading from Concord Main street to the village of Penacook, at a point near the entrance to the cemetery, and within the limits of the city of Concord." The question of the sufficiency of the notice was tried by the court, who found, upon evidence not excepted to, that the place of the accident is not stated with such exactness as to enable the city authorities, without further information, to locate it. About May 1, 1892, a hearing was had upon her claim before the committee of the city government on claims. From what she said at that time the committee understood where the exact place of the accident was. She was told that she would hear from the committee, and relied on that assurance. It did not appear that she was informed of the result of the hearing, or that the sufficiency of the notice was questioned by the committee in her hearing.

*John P. Bartlett* and *William A. J. Giles*, for the plaintiff.

*Harry G. Sargent*, for the defendants.

*Per Curiam.** The reported finding is, in effect, that the place of the alleged accident was not so designated in the plaintiff's statement that it could be found in the exercise of reasonable diligence by the defendants' officers without further information from the plaintiff. The statement was, therefore, insufficient. "If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute. Whether upon the information contained in the statement the place could be found by the exercise of reasonable diligence is a question of fact, to be determined upon the evidence by the court at the trial term." *Carr* v. *Ashland*, 62 N. H. 665, 669.

The defendants have not waived their right to the statement required by law. G. L., c. 75, s. 7. The plaintiff claims that by the action of the committee of the city government she was induced to forbear bringing a petition for leave to file a statement within six months from the date of her accident, as provided by G. L., c. 75, s. 9. But such a petition would be of no avail unless it appeared that she was unavoidably prevented from filing a statement with the city clerk within the ten days allowed for that purpose by section 7. The action or non-action of the committee at the time of the hearing upon her claim, or afterward, did not prejudice her in filing a statement five months before. Moreover, it does not appear that the committee was called upon, by anything that occurred at the hearing, to declare the insufficiency of the statement, or even that they were aware of it. The hearing was apparently in the nature of an inquest to ascertain whether the city was liable.

*Plaintiff nonsuit.*

All concurred.

---

* See foot-note on page 22.