Hillsborough, ⎰
May 3, 1910. ⎱

### LEDOUX *& a.* v. NASHUA.

Where the declaration in an action for damages resulting from an unsuitable highway alleges that notice of the defect was given to the municipality as required by statute, the question whether the notice was reasonably sufficient is one involving a finding of fact and cannot be determined upon demurrer.

CASE, upon the statute of highways. The plaintiffs' declaration alleges "that said city of Nashua was notified in writing in accordance with chapter 59, section 2, of the Laws of 1893, a long time before, to wit six months." The defendant demurred upon the ground that it had not been notified as required by said section 2. Transferred without ruling from the September term, 1909, of the superior court by *Wallace*, C. J.

*Stephen L. Hallinan* and *Wason & Moran* (*Mr. Wason* orally), for the plaintiffs.

*William H. Barry* (by brief and orally), for the defendant.

PEASLEE, J. The declaration alleges in terms notice in accordance with the provisions of the statute, and the demurrer must be overruled. The causes assigned for the demurrer are merely denials of the fact of notice pursuant to the statute. They might well be pleaded in bar, as they present issues of fact; but they can hardly be said to raise an issue of law as to the sufficiency of the declaration.

The notice given and certain facts relating to the highway in question are made a part of the case. It is not apparent what relevancy they have to the question raised by the demurrer. If it was the intent to transfer the question of the sufficiency of the notice, the case is defective. It merely recites evidentiary facts, and fails to state any finding upon the ultimate issue of fact. " Whether upon the information contained in the statement the place could be found by the exercise of reasonable diligence is a question of fact, to be determined upon all the evidence by the court at the trial term. Its finding is not reviewed or reconsidered at the law term, if there was competent evidence upon which it could be made." *Carr* v. *Ashland*, 62 N. H. 665. This is the rule applied under a statute (P. S., c. 76, s. 7) requiring the notice to state " the exact place where " the accident occurred. It was said that the statement " can seldom, if ever, be declared to be bad upon its face, for the reason that it fails to point out the place with sufficient accuracy." *Ib.* 668. This is the rule under a statute which calls for exact information. It must be as broad under a law requiring only notice " setting forth in general terms the location of such highway and the nature of such insufficiency." Laws 1893, c. 59, s. 2. Even assuming that it was the intent of the presiding justice to raise a question of law not stated in the record, the case is still defective. There must be a trial of and verdict or finding upon the question of fact whether there was reasonable notice under the statute. *Carr* v. *Ashland, supra ; Horne* v. *Rochester,* 62 N. H. 347 ; *Robin* v. *Bartlett,* 64 N. H. 426 ; *Metcalf* v. *Weed,* 66 N. H. 176 ; *Davis* v. *Rumney,* 67 N. H. 591 ; *Currier* v. *Concord,* 68 N. H. 294.

*Demurrer overruled.*

All concurred.