Merrimack,  
April 6, 1920.

## HOBART A. GOODWIN *v.* CONCORD.

In an action upon the statute of highways (Laws 1893, *c.* 59, *s.* 1) for injuries received from a defective culvert, the defendant is negligent if the culvert is such as the ordinary man would not maintain in such a situation.

In such case, the failure of the plaintiff to pay attention to the ground over which he was traveling at the instant of the accident is immaterial if the culvert was then invisible so that such failure was no part of the cause of the injury.

The assertion by counsel *arguendo:* "He drove just as you would drive or I would drive, or anyone, as you [addressing one of the jurors] would drive," is not exceptionable in the absence of a finding that he was then testifying or of evidence tending to that conclusion.

CASE, to recover for damages to an automobile caused by a defective culvert. Trial by jury and verdict for the plaintiff.

The plaintiff drove off the end of a culvert in turning out to pass an approaching automobile. There was nothing to indicate the existence of the culvert nor to notify a traveler that it was not safe to turn out in the way the plaintiff did. Transferred from the October term, 1919, of the superior court by *Branch*, J., on the defendant's exceptions to the denial of its motion for a directed verdict and to the argument of counsel. Other facts are stated in the opinion.

*Nathaniel E. Martin* (by brief and orally), for the plaintiff.

*Alexander Murchie* (by brief and orally), for the defendant.

YOUNG, J. The test to determine whether a culvert is sufficient for the travel thereon, Laws 1893, *c.* 59, *s.* 1, is to inquire whether it is such a culvert as the ordinary man would maintain in that situation. In other words there is no merit in the defendant's contention that the length of the culvert was irrelevant to the issue of its sufficiency.

If we assume that the fact the plaintiff was not paying particular attention to the ground over which he was driving at the instant the accident happened is conclusive of his negligence, it does not follow that he cannot recover; for the test to determine whether he was guilty of contributory negligence, is not to inquire whether he failed to do what the ordinary man would have done in respect to observing the ground over which he was driving, but whether his failure in that respect contributed to cause the accident, and it can be found

that his failure in this respect was no part of the cause of his injury, for it can be found that if he had looked he could not have seen the culvert.

The defendant contends that the plaintiff's counsel was testifying when he stated that "the facts are all one way. The man was injured. He drove just as you would drive or I would drive, or anyone, as you would drive," addressing one of the jurors. There is no finding that counsel was testifying when he made this statement and the evidence relevant to the issue all tends to the conclusion that he was not testifying when he made this statement but asking the jury to find that that was the only conclusion of which the evidence was fairly capable.

*Exceptions overruled.*

PEASLEE, J., was absent: the others concurred.