WILLIAM B. HALL *v.* WENTWORTH'S LOCATION.

*Shurtleff & Hinkley* (*Mr. Hinkley* orally), for the plaintiff.

*Edmund Sullivan* (by brief and orally), for the defendant.

BRANCH, J. Early in the trial the defendant objected to the admission of any evidence tending to show the existence of a dangerous embankment at the point where the accident occurred, for the reason that the only ground of liability alleged in the writ was a defective culvert. The plaintiff thereupon moved to amend his declaration so as to allege that the accident was due to a defective culvert and a dangerous embankment. This motion was granted, subject to the defendant's exception, and it is now argued that the order was erroneous because the plaintiff was thereby permitted to allege "a different or additional cause of action" from that set forth in his notice to the town.

The answer to this argument is that the statute does not require that the "cause of action" be stated in the notice, and hence a variance in this respect between the terms of the notice and the declaration is immaterial. The statute merely provides that the statement of claim shall set forth "the exact place where and the time when the injury was received, a full description thereof, the extent of the same and the amount of damages claimed therefor." P. L. *c.* 89,

*s.* 9. It does not require that the ground upon which liability is asserted nor the manner in which the accident occurred shall be disclosed. *Carr* v. *Ashland*, 62 N. H. 665, 669. It is, therefore, plain that the language of the act affords no basis for the defendant's contention that a plaintiff can declare in his writ only upon those defects in the highway which are mentioned in his statement of claim.

Neither can it be successfully argued that any of the purposes of the statute were defeated by the allowance of the amendment in this case. It has been said that "the object of notice is to enable the officers of towns to obtain full and correct information concerning the cause and extent of injuries for which damages are claimed while the physical facts are unchanged, and while other facts relating to the accident are fresh in memory, thereby enabling them to settle claims without litigation if they turn out to be honest and well founded, or successfully to resist them if they are false or exaggerated." *Sargent* v. *Gilford*, 66 N. H. 543, 544; *Carr* v. *Ashland, supra; Leonard* v. *Bath*, 61 N. H. 67. Since the plaintiff's notice was seasonably served, the officers of the town had all the opportunity which the statute contemplated to make a prompt investigation of the accident and to settle the claim without litigation. It was, therefore, within the discretion of the trial court to grant the plaintiff's motion for an amendment of his declaration and that discretion appears to have been exercised in accordance with the spirit of our statute of amendments, (P. L., *c.* 334, *s.* 9) and our liberal practice in matters of procedure. *Derosier* v. *Company*, 82 N. H. 405, 406.

This conclusion practically disposes of all the other exceptions in the case except those which have to do with the argument of plaintiff's counsel, since they were all based upon the theory that liability could not be predicated upon the existence of a dangerous embankment. In view of the foregoing discussion, it is plain that all the evidence which went in subject to exception tending to prove the existence of such an embankment was properly admitted and raised an issue of fact for the jury. Hence the motions for a nonsuit and a directed verdict were properly denied, and the exception to that portion of the charge which submitted the issue to the jury must be overruled.

The defendant also excepted to an instruction that "if ordinary prudence required the culvert in the case we are now considering to be railed, the defendant is required to rail; otherwise not." This portion of the charge was obviously correct. "The test to determine whether a culvert is sufficient for the travel thereon, Laws 1893,

*c*. 59, *s*. 1, is to inquire whether it is such a culvert as the ordinary man would maintain in that situation" (*Goodwin* v. *Concord*, 79 N. H. 401), and the question whether or not an ordinary man would have erected railings at the ends of the culvert in question either for the purpose of giving notice of its existence or preventing travelers from getting off the road at that point was clearly one of fact for the jury.

In the course of the argument for the plaintiff, the following proceedings took place: "*Mr. Hinkley:* He [defendant's counsel] seems to think that it is commendable to bring one of the selectmen of the town of Wentworth's Location down to help him try this case and sit in here at the table with him,—the younger Mr. Turner, the one who was present 15 seconds, or a very short time after this happened,— . . . He brings him down to court and he has him sit at the table with him; . . . but after there has been some suggestion as to what can go in in this case as evidence and what can't, and after we took a recess at noon and came out and discussed that question—*Mr. Sullivan, (interrupting):* I want an exception to that. *Mr. Hinkley:*— my Brother Sullivan doesn't have Mr. Thomas Turner sitting at the table with him any more. *Mr. Sullivan:* Wait. I object to this statement, and want an exception. The *Court:* Exception noted. *Mr. Hinkley:* Take your exception. The statement stands. When he put in his evidence in here, Gentlemen, he didn't choose to put Mr. Thomas Turner on the stand and let him testify. *Mr. Sullivan:* Just a moment. I want to except to that statement. The *Court:* Your exception is noted."

Plaintiff's counsel was clearly within his rights in commenting upon the failure of the defendant to call an available witness who appeared to have knowledge of the facts (*Lee* v. *Hustis*, 79 N. H. 434, 436), and also upon incidents of the trial which occurred in the presence of the jury. *State* v. *Lajoie, ante*, 147. The only conceivable objection to this argument is that counsel told the jury that questions of evidence were discussed during the noon recess. If it could be found that counsel thus testified to a fact not otherwise known to the jury, it was plainly immaterial upon any issue in the case, and the defendant has failed to point out any way in which it could have a prejudicial effect. Under these circumstances the exception must be overruled.

Plaintiff's counsel further argued that if by reason of the fact that the culvert was unrailed plaintiff was ignorant of its existence, then it would not "make any difference whether this other car crowded

Mr. Hall over there or not." To this argument defendant excepted. Here again counsel for the plaintiff was clearly within his rights in arguing to the jury the result of the rule that either one of two joint tortfeasors is liable for the results of their combined misconduct.

Exception was also taken to the following portion of the plaintiff's argument: "*Mr. Hinkley:* ... The town of Wentworth Location should have had a railing there; and Mr. Turner tells you that he never saw a culvert on a straight road with a fence up. Now, you drive from here to Colebrook tonight, or to Gorham or Whitefield tonight,—you will have to go around a detour to Whitefield,—but I will make the statement for any of the other roads that if you find a culvert that hasn't a white fence up there,—and you know what they look like. There is a straight piece of fence and then a wing on each side of the road. It don't make any difference whether the road is straight or crooked."

The objection now urged against this argument is that counsel was asking the jury to take note of conditions along other roads, and was "inferentially arguing that every culvert was railed, whether the road was straight or crooked. In other words his argument was direct testimony as to the condition of the culverts between Lancaster and Whitefield." It thus seems to be asserted that counsel's reference to certain roads leading out of Lancaster, the place of trial, was at the same time inferential argument and direct testimony as to a single fact, *i.e.* that all culverts on these roads are railed. We have difficulty in following the line of thought which leads to these two inconsistent conclusions. The fact seems to be that counsel started in to make a statement which might have been objectionable but stopped when he realized that he was close to the line of legitimate argument. At any rate, the sentence in which he said "if you find a culvert that hasn't a white fence up there,—" was never finished. It contains no statement of fact. It might have been completed in various ways which would have been unobjectionable. If it might have also been completed in ways which would have been improper, this furnishes no ground for setting aside the verdict. It cannot be said that counsel testified even if he started in that direction. The substance of the argument, *i.e.* that dangerous culverts are customarily railed whether the road is straight or crooked, was clearly justified by the evidence.

Although the other exceptions taken during the course of plaintiff's argument were not waived by the defendant, the failure of counsel to refer to them either in his brief or oral argument indicates

at least a suspicion on his part that they are without merit, and an examination of the record confirms this estimate of their worth.

*Judgment on the verdict.*

All concurred.