Merrimack,
Jan. 1, 1935.

HELEN BUTTRICK

*v.*

THE WOMAN'S HOSPITAL AID ASSOCIATION.

*John M. Stark* and *Ora W. Craig* (*Mr. Craig* orally), for the plaintiff.

*Murchie, Murchie & Blandin (Mr. Alexander Murchie* orally), for the defendant.

WOODBURY, J. The exception is properly before us for consideration even though it was not taken with technical nicety. Counsel for the plaintiff objected to a statement made in argument. The grounds for his objection, though stated by counsel for the defendant, were made to appear and the court's ruling thereon is to be inferred from his granting of the exception. Thus the four elements necessary to save a valid exception to argument were all present. There was an objection, the grounds for the objection appeared, there was a ruling by the court and an exception thereto by the party adversely affected. *Tuttle* v. *Dodge*, 80 N. H. 304, 312; *Gobrecht* v. *Beckwith*, 82 N. H. 415, 422; *Colby* v. *Lee*, 83 N. H. 303, 309.

There is nothing in the record to indicate that anyone had slipped, fallen, or had trouble in using the stairs upon which the plaintiff fell, until about seven-thirty in the evening. After that time there was testimony from various witnesses to the effect that they had slipped or had trouble on the stairs, but there is no evidence of anyone having fallen except the plaintiff. It follows that the defendant's argument was supported by the evidence if it applied to events which occurred prior to darkness, but was not if it applied to events which occurred thereafter.

We are of the opinion that the remarks were meant, and must have been understood, to apply to the situation as it was before evening. Just prior to the portion of the argument objected to, counsel had been talking about conditions as they were during the afternoon, and his statement in justification of his argument indicates that he had that situation in mind when the objection was taken. The sentence in which he was interrupted is not a misstatement of the evidence as it stands, and it could have been completed without departing from the record. The fact that the sentence could have been completed in such a way as to render it a misstatement of the evidence does not afford a ground for a new trial. *Hall* v. *Wentworth's Location*, 84 N. H. 236, 240.

Counsel for the plaintiff contend that at the most the remarks applied to the "afternoon," and that the term "afternoon" is descriptive of all the space of time from noon to midnight.

In the construction of statutes there may be occasions when the term "afternoon" requires this definition, (see Bouvier's Law Dictionary and 2 C. J. 399), but such is not the ordinary meaning of the

196

word. "Afternoon" ordinarily means, "The part of the day which follows noon, between noon and evening," (Webster's New International Dictionary) and such was probably the interpretation put upon the word by the jury. If counsel for the plaintiff thought the jury would not understand the word in its ordinary sense he should have so expressed himself at the trial and thus afforded an opportunity for the argument to be corrected.

*Judgment for the defendant.*

All concurred.