Carroll,
Dec. 2, 1941. } No. 3289.

ORPHEUS SMITH *v.* MELVIN D. BAILEY.

*Errol S. Hall* and *William N. Rogers* (*Mr. Rogers* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Walter A. Calderwood, Jr.* orally), for the defendant.

PAGE, J. The accident happened in the village of Union, after dark. There had been a heavy fall of snow, and the highway had been plowed recently to a width of twenty-seven feet or more. The sidewalk had not been plowed. The surface of the highway was very slippery.

The plaintiff had been talking with Russell Harris, driver of a truck drawn up on the westerly side of the highway (which runs north and south), next to the bank of snow. While talking, he stood on the easterly side of the truck, with his left foot on the running board. As he was drawing back, preparing to turn and go to the easterly side of the highway, as could be found, he was struck by the defendant's automobile, which was going southerly.

The evidence, it is true, conflicts upon this point, and the record shows that the trial turned upon this conflict. The defendant's testimony, placing the plaintiff seven feet, or more, from the truck and walking backward when hit, at a rate nearly as great as that of the automobile, was so incredible that the jury was warranted in rejecting it. This was not the sole element of incredibility in the defendant's testimony. It is clear that the jury decided the case upon a belief in the truthfulness of the plaintiff and his witnesses and upon disbelief in the defendant's story.

There was evidence that the defendant's speed was twenty-five miles an hour, that the highway was in a business district, that the surface of the street was slippery and unsanded; that the defend-

ant had chains in his car, but had not stopped to put them on; that the Harris truck and a car it had been towing were in plain sight of the defendant, illuminated by a near-by streetlight and by the defendant's headlights. It could be found that the projection of the body of the truck was so slight that the plaintiff was in full view if the defendant had taken a careful look. The defendant's testimony that he blew his horn shortly before he reached the truck, which he did see, could have been disbelieved. If believed, the jury could have believed from the defendant's evasive testimony that the horn was in poor condition and not likely to attract the plaintiff's attention. In this findable state of facts, the case was clearly one for the jury, even though the plaintiff had not yet looked to the north, contemplating doing so before he turned to cross the street. The court properly denied the defendant's motions to withdraw from the jury the issues of his speed and his sounding of the horn.

The defendant claims that a directed verdict was required because he was only nineteen years old at the time of the accident. Suit was begun before the defendant was of full age, but was not tried until he was over twenty-one and no longer in need of the appointment of a guardian *ad litem*. P. L., c. 289, s. 1. He can therefore raise no procedural question and no question of proper parties. There is no question that an infant may be held liable for his torts. *Stearns* v. *Wallace*, 59 N. H. 595, and cases cited. The only question remaining is whether a young man three years beyond the age when he may be licensed to operate a car is to be held incompetent as a matter of law to exercise average care in driving. The answer suggests itself.

The plaintiff having rested without putting in evidence of the defendant's speed, the defendant moved for a nonsuit on that issue. Thereupon the plaintiff moved to reopen for the purpose of introducing evidence of speed. The exception to the granting of this motion raises no question of law. The court had discretionary power to reopen the case. The fact that the witness to be produced by the plaintiff had been in the court room and available before the plaintiff rested, even if a fact that the court might consider on the question of what was required in order to make the trial fair, was not conclusive. *Wells* v. *Burbank*, 17 N. H. 393, 412.

The defendant requested an instruction that there was no evidence that he was unfit to act in the emergency, if any, that was created by the sudden appearance of the plaintiff in front of his car. (This in spite of another contention that the boy's age required the appli-

cation of some test other than the average care of older persons). The instructions given concerning the emergency doctrine were full and clear. But the jury clearly rejected the fact of the claimed emergency, based upon the testimony of the defendant as to the movements of the plaintiff. Hence the defendant could not have been prejudiced by the failure of the court to grant the request.

The requests by the defendant for special instructions concerning contributory negligence were either covered in substance in the charge given or were asked for as applying to specific bits of evidence. The instructions given, though general in this regard, correctly gave the rule for all special applications. The Presiding Justice has no duty to cover every possible particular application of general rules laid down by him. To do so would frequently result (as it probably would in this case) in overburdening and confusing the jury. *American &c. Company* v. *Wentworth*, 90 N. H. 112, 118.

The defendant made three special requests relating to the care to be expected from a minor of nineteen. The point was sufficiently covered by the instruction given. The requests were three ingeniously worded variants of the same idea. It is not error to be correct in substance and to refuse attention to all possible variants. *Kelley* v. *Lee*, 89 N. H. 100. Multifarious requests for instructions concerning the burden of proof as to the defendant's speed were equally superfluous.

Most of the remainder of the defendant's thirty-one requests stand in much the same category. Counsel should not ask the court to pass upon numerous variations of correct statements of the law. It is enough if correct instructions are given covering all essential phases of the case. *American &c. Company* v. *Wentworth*, *supra*.

The requests that the defendant had a right to rely upon the plaintiff's not carelessly exposing himself to danger, as applied to the situation here presented, do not state the whole law. *Himmel* v. *Finkelstein*, 90 N. H. 78, 79. A correct instruction (including the suggestion that perfect conduct is not to be assumed) might have left the defendant worse off than no instruction at all. There was no possible prejudice.

Several requests based upon the same grounds as motions to limit the issues were properly denied.

The exceptions to argument by counsel for the plaintiff are of no moment when analyzed. Two of them are based on objections not presented to the court below for ruling, but first raised here. No

question of law is before us. *Whipple* v. *Railroad*, 90 N. H. 261, 265.

A third involves a valid argument from the marking of a photograph, which the plaintiff's counsel erroneously said was marked by the defendant. A correct statement of the fact was made before the argument was finished and the misstatement was stricken out at the plaintiff's own request. There was no error. *Harvey* v. *Welch*, 86 N. H. 72, 75; *Bullard* v. *McCarthy*, 89 N. H. 158, 161; *Williams* v. *Williams*, 87 N. H. 430, 433.

A deputy sheriff testified to facts he found when he investigated the accident soon after it happened, basing his testimony on notes he made contemporaneously. On cross-examination, the defendant's attorney tried to shake this testimony by showing the witness a typewritten paper purporting to be a statement made by the witness to the defendant's counsel. The statement, which the witness said he had never seen before, may have been typed by a stenographer who was present when the defendant's counsel interviewed the witness. It was verified neither by the stenographer nor by any other witness. The witness, it could be found, did not admit the truth of the typewritten statement.

In argument, the plaintiff's counsel asked the jury whether the use of the statement in cross-examination was fair. The defendant's counsel objected and excepted solely on the ground that he had a perfect right to take a stenographic statement in preparation. That right is not doubted. However, the argument was not based upon any supposed lack of right to take the statement, but on what had taken place before the jury.

In the course of argument, the plaintiff's counsel said, "Do you believe that this man Smith . . . walked or ran backwards deliberately in front of that car? If he did . . . I suggest you would have to go a step further and find that notwithstanding the fact that he lost his wife. . . ." At this point the argument was interrupted by an objection grounded on "prejudice and sympathy." The court noted the exception and promised to "take care of it in the charge." This was in the presence of the jury. At the close of the charge, the court said, "I simply want to state to you that neither bias nor prejudice nor sympathy is to enter into your deliberations. We are here to make a search for the truth and to do what justice requires and that is the only search that is involved here. In considering this case I want you to consider the evidence that is before you and to decide the case upon the evidence alone, and any other outside or ulterior motive is not to enter into your deliberations." Even if

the incomplete argument might not have proved permissible if finished (*Buttrick* v. *Association*, 87 N. H. 194), it must have been plain to the jury that the court did not sanction the half-sentence objected to.

Out of a large number of exceptions to rulings on evidence, the defendant has chosen to rely upon only three. One is based upon the futile claim that a witness gives opinion evidence when, having been present at the time of the accident, he testifies that there were no obstructions to prevent the defendant's seeing the plaintiff. The second is to an entirely proper statement of analogy by counsel in argument on the admissibility of evidence, upon which remark, furthermore, the court made no ruling. The third was to the proper exclusion of evidence not relating to the issue covered by a rebuttal witness who was under cross-examination. As far as this question was offered to test the credibility of the witness, it was eminently illogical and unfair. On the test proposed, all any counsel would have to do to discredit a witness who tells the truth would be to get him to admit that if he had told a different story, and thus perjured himself, it might affect the case with the jury. No test of that sort, proceeding upon the unsupported assumption that the witness had in fact perjured himself, would aid in the search for truth. It was not error to deny the use of a test so illogical and unfair.

*Judgment on the verdict.*

ALLEN, C. J., was absent: the others concurred.