## LEFAVOR v. SMITH.

The refusal of the court at the trial term to set aside a verdict as against the evidence, will not be reconsidered at the law term.

MOTION, to set aside the verdict as against the evidence. The court denied the motion, and the defendant excepted.

*C. U. Bell*, for the plaintiff.

*Bartlett* and *Hatch*, for the defendant.

STANLEY, J. Motions of this character, the decision of which requires the court to consider and weigh evidence, should be made and conclusively determined at the trial term. It is no part of the duty of the court, at the law term, to decide questions of fact. The decision at the trial term of such questions will not be reconsidered here unless specially reserved. *Fuller* v. *Bailey*, *ante*, p. 71.

*Exception overruled.*

DOE, C. J., did not sit.

---

## DOW v. ROWE.

A sheriff is not liable for the services of a keeper employed by his deputy.

ASSUMPSIT, for labor and services performed by the plaintiff as keeper of property attached by one Peaslee, a deputy of the defendant, who employed the plaintiff.

*Briggs & Huse*, for the plaintiff.

*Frink*, for the defendant.

STANLEY, J. The statute makes the sheriff liable for the official conduct of his deputies. Gen. St., c. 197, s. 2. The official conduct, to which the statute refers, relates to the personal acts of the deputy while in the discharge of his official duty, and not to his contracts. The attachment of the property was the official act of the deputy, while the employment of the plaintiff as keeper was his personal contract. There is nothing in the relation of sheriff and deputy that can make the sheriff liable on such contracts. *Marshall* v. *Hosmer*, 4 Mass. 60; *Dooley* v. *Root*, 13 Gray 303.

*Case discharged.*

DOE, C. J., did not sit.