WHITCHER v. DEXTER.

A negotiable security taken as collateral to an antecedent debt, is no satisfaction of such debt unless it be paid, or unless it appear that the creditor has so improperly conducted in respect of it that the debtor has been injured thereby.

The court will not decide questions of fact at the law term.

ASSUMPSIT, upon the common counts, and also upon a count alleging that the defendant drew an order in the plaintiff's favor upon one Rutherford, which Rutherford refused to accept, whereupon the defendant promised to pay the plaintiff the amount thereof. Facts found by a referee.

March 1, 1871, the defendant, being indebted to the plaintiff, gave him a negotiable order on Rutherford, who at that time was solvent, and owing the defendant enough to pay the order. Rutherford continued solvent until 1874, when he became insolvent. The plaintiff did not accept the order in payment of the defendant's account, but he expected that Rutherford would pay it, and also, if he did, to give the defendant credit for it, and to balance the account. The plaintiff and Rutherford had extensive dealings. Rutherford knew the plaintiff had the order, and expected to pay it. He was, however, owing the plaintiff considerable sums all the time, and, in the different accountings which were had between them, the order was never settled. The plaintiff did not mention to the defendant that Rutherford had not paid the order until about two years after it was given, when he informed him it was not paid, and asked the defendant to pay his account. The plaintiff at the hearing did not claim to recover upon the order.

The referee referred the question of the plaintiff's liability in connection with the order to the court, and found for the plaintiff or for the defendant as the court might determine. At the trial term, judgment was ordered for the plaintiff, and the defendant excepted. After the case was reserved, the report was recommitted to the referee to find whether the plaintiff was guilty of negligence, and, if so, whether the defendant was thereby injured; and thereupon he filed an additional report as follows: " I find that the plaintiff was negligent and careless in not collecting the order of Rutherford, as all

the parties expected, and intended he should, and as he might have done. I further find that Rutherford was solvent after the plaintiff notified the defendant that the order was not paid and called on him to pay his account, and that the defendant might have collected his bill of Rutherford after that time, and that the injury he sustained would have been avoided had he collected his account of Rutherford after being so notified by the plaintiff."

*Carpenter & Carpenter*, for the plaintiff.

*S. B. Page*, for the defendant.

BLODGETT, J. The plaintiff received the order as collateral security merely, both in fact and in law. This being so, the material question at the trial was, whether he had been guilty of laches in respect of it so as to make himself chargeable therewith. To make him thus liable, it was necessary to show negligence on his part and consequent injury to the defendant; for the settled rule is, that a party receiving collateral securities is not, in the absence of payment, chargeable with their amount, unless he has so improperly conducted with them that their value has been lost or impaired to the party of whom he received them. *Kenniston v. Avery*, 16 N. H. 117, 120, and cases cited; *Lawrence v. McCalmont*, 2 How. 426; *Robinson v. Hawksford*, 9 Ad. & E. 52; Sto. Pr. Notes, s. 284.

Whether the plaintiff so conducted with the order in question, and, if so, whether the defendant was thereby injured, the referee improperly neglected to find; and it being no part of the duty of the court, at the law term, to decide questions of fact *(Lefavor v. Smith*, 58 N. H. 125), the report was for this reason recommitted. The referee now reports that the plaintiff was guilty of negligence in not collecting the order, but whether the defendant sustained any loss therefrom is not definitely stated. We infer, however, that the referee intends to find that the defendant's negligence was the proximate cause of the loss resulting to him from the failure to collect the order. If this construction is right, the ruling at the trial term was correct. If it is not right, the defendant can apply to the referee for a more specific finding, and if one is obtained, judgment will be rendered at the trial term accordingly; but in either case no questions of law are raised by the report, and the entry is,

*Exceptions overruled.*

All concurred.