### CLOUGH *v.* MOORE.

### FOWLER, *Adm'r, v.* MOORE.

Upon a motion to vacate a judgment, the defendant may show that he had no actual notice or knowledge of the suit, although a summons was left at his usual place of abode by the officer, and that fact is stated in the officer's return upon the writ.

A statement of facts, on which judgment has not been rendered, found by the court in the trial of a bill in equity for an injunction to restrain the prosecution of a suit at law, is not admissible evidence on a motion to set aside the judgment on which such suit is founded.

MOTION, by the defendant, to bring forward the above actions from the docket of the October term, 1869, to vacate the judgments recovered at that term, and for a new trial.

The defendant introduced the case in *Moore* v. *Carpenter*, reserved in Belknap at the March term, 1884, and Carpenter, plaintiff in interest, excepted. Further testimony was introduced by both parties. The court finds from all the evidence, including that furnished by the reserved case in *Moore* v. *Carpenter*, the same facts as those reported in that case, *ante* 65.

*E. A. Hibbard*, for the plaintiffs.

*Drew, Jordan & Carpenter*, for the defendant.

CLARK, J. The power to set aside, vacate, modify, or amend judgments for sufficient cause, is unquestioned. *Adams* v. *Adams*, 51 N. H. 388; *Judge of Probate* v. *Webster*, 46 N. H. 518; *Bellows* v. *Stone*, 14 N. H. 203. In some form of procedure a party is entitled to relief from a judgment rendered by accident or mistake or through fraud, or in respect to which any fact exists which proves it to be against conscience to execute the judgment of which the party was prevented from availing himself by fraud, accident, or mistake, unmixed with any fault or negligence of himself or his agents. *Currier* v. *Gilman*, 55 N. H. 364; *Hibbard* v. *Eastman*, 47 N. H. 507; *Wingate* v. *Haywood*, 40 N. H. 437. Whether the motion to bring forward these actions and vacate the judgments should be granted, is a question of fact to be determined at the trial term. *Bank* v. *Clement*, 58 N. H. 533.

It is contended that the facts upon which the motion is based furnish no sufficient cause for granting it if proved by competent evidence. It is a fundamental principle of the law, that judgment ought not to go against a party without an opportunity to make defence; and judgments rendered without notice are voidable. *Gay* v. *Smith*, 38 N. H. 171, 174. Ordinarily it would seem to be sufficient cause for vacating a judgment that it was rendered without notice to the defendant, who, having a sufficient defence, was prevented from making it for want of such notice, without fault or negligence on his part. A party ought not to be permitted to retain the fruits of a judgment to which he is not entitled, neither should he be compelled to submit to a judgment which unjustly concludes his rights without an opportunity to be heard. Such a result can happen only through a defective administration of justice. It is conceded that a judgment obtained by fraud should be vacated, because a party ought not to be permitted to profit by his fraud. How does the fact that a party is free from fault entitle him to retain the benefits of an unjust judgment? To enforce a judgment obtained without notice is no less injurious to the defendant, than to obtain a judgment fraudulently without any attempt to give notice. In either case the defendant is defrauded, and the plaintiff obtains an unjust advantage.

There is no conclusive presumption that a copy or summons left at the defendant's place of abode came to his knowledge. Upon the question of actual notice, the return that a copy or summons was left is evidence, but not conclusive. The rights of the plaintiff are secured by permitting him to have judgment upon proof that the statutory notice has been given. If his cause of action is well founded, his judgment is in no danger of being reversed or vacated. If it is not well founded, the defendant should not be compelled to submit to it unless he has in some way forfeited his right to question its validity; and upon showing that he has a defence, and that he had no notice of the plaintiff's action, he ought ordinarily to be permitted to try his case. Judgments are rendered on default upon a return of service by leaving a copy or summons at the last and usual place of abode of the defendant, or by publication, upon the assumption that the defendant having notice of the suit has admitted the plaintiffs' claim by failing to appear and contest it. The record shows a legal service; but in every case where the defendant has no actual notice of the suit, the record, so far as it implies notice, is incorrect, and the judgment is rendered upon an erroneous assumption of fact. To hold the return of service conclusive evidence of notice would in all such cases deprive the defendant of any opportunity of defence.

If the defendant is entitled to relief, this is the appropriate form of remedy. It is comparatively speedy and inexpensive. There is no occasion or excuse for compelling a party to resort to another process, when, by bringing forward the original action, all errors may be corrected and justice administered. *McIntire* v. *Carr*, 59 N. H. 207; *Metcalf* v. *Gilmore*, 59 N. H. 417, 435; *Moore* v. *Carpenter, ante* 65. No serious inconvenience can result from granting relief from judgments rendered without notice. It is not to be apprehended that a defendant having a valid defence will suffer judgment to go against him by default, with a view of obtaining an opportunity to make his defence at some future time by a perjured denial of notice of the original action. Nor is it to be assumed that judgments will be modified or vacated except for sufficient cause.

The finding of the court must be set aside. The facts and conclusions stated in the reserved case in *Moore* v. *Carpenter* were not competent evidence. No judgment or decree had been rendered in that case. The verdict or findings of a tribunal upon which no judgment has been rendered are not competent evidence to control or influence the judgment of another tribunal upon the same question. *King* v. *Chase*, 15 N. H. 9, 13, 14; *Hayward* v. *Bath*, 38 N. H. 179. Upon competent evidence, the court at the trial term will determine whether justice requires that the defendant's motion should be granted.

*Exceptions sustained.*

SMITH, J., did not sit: the others concurred.
9*