BROWN *v.* WEST.

Whether sufficient cause is shown to justify the court in amending a judgment is a question of fact to be determined at the trial term.

WRIT OF ENTRY, to foreclose a mortgage.  After the decision reported in 64 N. H. 385 was rendered, the plaintiff filed a surrejoinder, alleging that one of the notes secured by the mortgage

was not included in the former conditional judgment thereon. The defendant demurred. The plaintiff moved to bring forward the former action for the correction of the judgment. Facts found by the court. When the plaintiff's attorneys filed the mortgage and notes in the former action for the purpose of taking judgment, they filed by mistake a note against the defendant secured by the mortgage but not then due, and omitted to file the note in question, and the same mistake was made in making up the judgment. The preponderance of evidence was, that the mistake was first discovered by the plaintiff or her attorneys about four years and a half after the rendition of the judgment.

*Sulloway & Topliff*, for the plaintiff.

*B. Wadleigh*, for the defendant.

BLODGETT, J. The power to set aside, modify, or amend judgments for sufficient cause being unquestionable (*Clough* v. *Moore*, 63 N. H. 112, *Eastman* v. *Concord*, 64 N. H. 265), the only question arising in this class of cases is, whether such cause is shown. This question, from its nature, depends upon the particular circumstances of each case, and is therefore one of fact to be determined at the trial term (*Bank* v. *Clement*, 58 N. H. 534, *Clough* v. *Moore, supra*) ; and when so determined no question of law is raised by a general exception to the result. *Fox* v. *Tuftonborough*, 58 N. H. 19; *Fuller* v. *Bailey*, 58 N. H. 71; *Lefavor* v. *Smith*, 58 N. H. 125; *Whitcher* v. *Dexter*, 61 N. H. 91; *Eastman* v. *Concord, supra*.

Nothing appears in the case at bar which takes it out of the general rule, that decisions in the trial terms upon questions of fact will not be reconsidered in the law term, and when the judgment in the former action is corrected the demurrer should be overruled.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.