WAIT & a. v. NASHUA ARMORY ASSOCIATION.

The president of a corporation has no implied authority to act as agent of the corporation.

The admission in evidence of the by-laws of a corporation for the purpose of showing that the president had not such authority in fact, is not cause for setting aside the verdict, for the jury must have been so instructed as matter of law if the evidence had been excluded.

ASSUMPSIT, to recover for services of the plaintiffs as architects in preparing plans and specifications for a proposed armory. At the trial before a jury, it appeared that the defendant corporation was organized for the purpose of building and maintaining an armory in Nashua for the use of a portion of the state militia. The plaintiffs introduced evidence tending to show that they were employed to render such services by Copp, the president of the corporation, assuming to act in its behalf. The defendants offered in evidence the by-laws of the corporation, for the purpose of showing that under the by-laws the president had no power to make contracts in behalf of the corporation without the sanction of the directors, and the same were admitted against the objection of the plaintiffs. It did not appear that the plaintiffs had any knowledge of the by-laws of the corporation. To the admission of the by-laws in evidence against their objection the plaintiffs excepted, and filed this bill of exceptions, which was allowed.

*C. W. Hoitt* (with whom was *Z. S. Arnold*, of Massachusetts), for the plaintiffs.

*G. B. French*, for the defendants.

BLODGETT, J. The plaintiffs have no ground of complaint, for even if the by-laws were improperly admitted for the purpose of showing that the president had no power to make contracts in behalf of the corporation without the sanction of the directors, it does not afford sufficient cause for setting aside the verdict.

The evidence for the plaintiffs simply tended to show that they were employed by the president to prepare plans and specifications for the proposed armory, and that he assumed to act for the corporation, but there was no evidence that the corporation in any way authorized him to procure such plans and specifications, nor was there any evidence of such authority on his part from any source, unless it could be implied from his office. But no such authority is incident to the office. The directors, and not the president, have the powers of the corporation, and the president has no implied authority as such to act as the agent of the corporation, but, like

other agents, he must derive his power from the board of directors or from the corporation.   G. L., c. 148, s. 3 ; *Morrill* v. *Railroad,* 58 N. H. 68 ; *Charlestown Boot & Shoe Co.* v. *Dunsmore,* 60 N. H. 85, 86 ; *Goodspeed* v. *East Haddam Bank,* 22 Conn. 530—*S. C.,* 58 Am. Dec. 439, 444 ; *Mahone* v. *Railroad,* 111 Mass. 72, 75 ; *Walworth County Bank* v. *Farmers' L. & T. Co.,* 14 Wis. 325 ; *Titus* v. *Railroad,* 37 N. J. Law 98, 102 ; *Burrill* v. *Nahant Bank,* 2 Met. 163—*S. C.,* 35 Am. Dec. 395 ; *Mount Sterling, etc., Turnpike Co.* v. *Looney,* 1 Met. Ky. 550—*S. C.,* 71 Am. Dec. 491 ; Pierce R. R. 32–34 ; Mor. Corp. (2d ed.) s. 537 ; Cook Stock & Stockholders, s. 716.   The by-law put in evidence was therefore but the statement of the general rule of law which obtains in such cases, and, if wrongly admitted, it is not susceptible of perception how the verdict could have been improperly influenced, or the plaintiffs in any manner prejudiced, by putting in evidence merely what the jury must have been instructed as matter of law if the evidence had been excluded.

*Exception overruled.*

CLARK, J., did not sit : the others concurred.