Belknap,
June, 1896.

HOLLAND v. LACONIA BUILDING AND LOAN ASSOCIATION.

An action cannot be maintained upon the unauthorized promise of officers of a corporation to pay to a mortgagor the amount in excess of the mortgage indebtedness realized from a sale of the premises after the expiration of the year of redemption.

A judgment can be attacked for a defect therein only in a direct proceeding instituted for the purpose.

ASSUMPSIT. Facts found by the court. The defendants recovered a judgment against the plaintiff upon a mortgage as follows: "It is therefore considered by the court that unless the defendant [the plaintiff in this action] pay the plaintiff [the defendants in this action] the sum of       within sixty days from date of judgment, that the plaintiff [defendants in this action] recover possession of a certain tract of land set forth at large in the writ on file, and cost taxed at $5.57." A writ of possession issued, and the defendants were put in possession of the premises and retained it for a year. After the expiration of the year, they sold the premises for enough to pay the plaintiff's indebtedness to them and $378.38 besides.

The defendants are a corporation having a board of directors, president, and treasurer. The president and treasurer were not authorized by the by-laws or a vote of the directors to make contracts for the corporation. The president, understanding that the excess of the proceeds of the property above the sum required to pay the corporation's claim would belong to the plaintiff, assured him several times during the year of redemption that all the defendants wanted was the amount of their debt, and the plaintiff would have the excess, if any, upon the sale of the premises. The plaintiff understood the matter in the same way. Because of his reliance upon the statements of the president and similar statements of the treasurer, he did not redeem. The president and treasurer did not intend to mislead or deceive him. The plaintiff is to have judgment for $378.38 and interest if he can maintain the action upon the foregoing facts; otherwise, the defendants are to have judgment.

*Napoleon J. Dyer* and *E. A. & C. B. Hibbard*, for the plaintiff.

*Jewett & Plummer*, for the defendants.

CHASE, J. The defendants had not authorized their president and treasurer to contract in their behalf. So far as appears,

there was no course of dealing from which authority could be inferred. The officers did not have authority by virtue of their offices. Without action by the corporation specially conferring it, they had no more authority in this respect than any other member of the corporation. P. S., *c.* 149, *ss.* 3, 4; 2 Cook Stock & Stockh., *ss.* 716, 717; *Wait* v. *Association*, 66 N. H. 581. Their assurances to the plaintiff, therefore, were not assurances of the corporation and cannot bind it, even if they were sufficient in all other respects to constitute a contract. Neither do they bind the corporation by way of estoppel. One cannot be estopped by an act which he did not do himself nor authorize another to do in his behalf. This is as true of a corporation as of a natural person.

The plaintiff is not at liberty to attack the judgment recovered in the former action on account of the defect therein. He can do that only in a direct proceeding instituted for the purpose. Van Fleet Col. At. 23; *Clough* v. *Moore*, 63 N. H. 111. In such proceeding the defect might be cured by amendment (*Brown* v. *West*, 65 N. H. 187); and it probably would be, since it appears that the plaintiff has not suffered any injury from the defect.

*Judgment for the defendants.*

PARSONS, J., did not sit: the others concurred.