MARGARET E. LYNCH *vs.* CHARLES W. LYNCH.

MAY 13, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Divorce. Grounds. In Pari Delicto.*

Upon a petition for divorce, on the ground that the marriage was void, for the reason that at the time, petitioner had a husband living, who was still alive, it was error for the court to dismiss the petition on the ground that petitioner was *in pari delicto* with the respondent, since the second marriage was a nullity and the court should so declare. Under such facts the legal status of petitioner is something in which the State as well as the parties is interested.

PETITION FOR DIVORCE. Heard on exceptions of petitioner, and sustained.

PER CURIAM. The evidence clearly shows that at the time of the marriage of the above named parties the petitioner had a husband living, who is still alive, and that they have never been divorced. The respondent prior to his marriage with the petitioner obtained for, and gave to her, a paper purporting to be a decree of divorce from her husband, but which was of no validity. Upon the

strength of the same and his representations to her she married him and they lived together as man and wife for many years. For the past ten years they have not cohabited. The petitioner applied for a divorce from the respondent upon the ground of non-support. The case was heard, as an uncontested petition, and decision was rendered in her favor. Subsequently the respondent made application to the court to vacate the decision and reinstate the case, in order that he might contest the same, which motion was granted by the court. The counsel for the petitioner thereupon made preparation for another trial of the case and in the course of his investigations learned of the former marriage of the petitioner; ascertained the residence of her first husband and had an interview with him, which disclosed the fact of the first marriage and that the same had never been annulled or terminated, whereupon the petitioner amended her petition for divorce by alleging that her marriage with the respondent was originally void. The case was then heard by a justice of the Superior Court who decided that the petitioner had not come into court with clean hands and thereupon dismissed the petition. His opinion was that the petitioner knew or ought to have known that she was not divorced from her first husband, and that her continued cohabitation with the respondent was of a wilfully bigamous nature and that she was not entitled to relief in the premises under such conditions. Her legal status however is something in which the State as well as the parties is interested. If, as a matter of fact, she was already married when she undertook to enter into the married state with the respondent such second marriage was a nullity and the court should so declare. The judge of the Superior Court found such to be the fact and declined to give decision for the petitioner solely upon the ground that she was *in pari delicto* with the respondent. In this the court erred. The petitioner's exception to the ruling of the justice is therefore sustained and the respondent will be given an opportunity,

on the third day of June, 1912, at ten o'clock a. m., to
show cause why said case should not be remitted to the
Superior Court, with direction to forthwith enter a decision
in favor of the petitioner, granting her petition, and annulling
the marriage between her and the respondent on the ground
that the same was originally void in law, the final decree
in such case to be entered in accordance with the statute
in such case made and provided.

*Page and Cushing* for petitioner.

*Cassius L. Kneeland*, for respondent.