Merrimack,
Dec. 3, 1918.

### CORA VIGNO v. GIDEON VIGNO.

A libel for divorce will be dismissed on motion, if the alleged marriage was entered into prior to the date of a decree divorcing the libelant from another person.

The judgment day is the last day of the term of a court unless a special judgment day is ordered.

A memorandum without date entered on the back of a libel by the presiding justice and signed by him: "Divorce decreed, cause desertion," is not a final decree of divorce but only a finding of fact upon which a final decree of divorce might be entered at the judgment day of the term.

LIBEL FOR DIVORCE. As an answer, the libelee filed a petition seeking to have the alleged marriage annulled. At the trial it appeared that a marriage ceremony between the parties was performed November 17, 1914. The libelant had previously been married to one Sayles. At the October term, 1914, of the superior court she filed a petition for divorce from Sayles. This libel was heard by *Kivel*, J., in October, 1914, and the following memorandum was made by him upon the back of the libel: "Divorce decreed, cause desertion. *John Kivel*, Pres. Justice." The judgment day for the October term, 1914, of the court was January 1, 1915, and no special judgment day was fixed in the action of *Sayles* v. *Sayles*. The certificate of divorce in that action was made out and forwarded to counsel for the libelant upon January 5, 1915.

The foregoing facts having appeared during the testimony of the libelant in the present proceedings, the libelee moved that the libel be dismissed and that a decree of nullity be entered for the reason that upon November 17, 1914, the date upon which the marriage ceremony between the parties was performed, the libelant was still the wife of Sayles and incapable of contracting a valid marriage. Subject to the exception of the libelant, the above motions were granted, and it was ordered that the case be continued for hearing to determine the property rights existing between the parties.

Transferred from the October term, 1917, of the superior court by *Branch*, J.

*James E. Banigan* and *Cyprien J. Belanger* (*Mr. Banigan* orally), for the libelant.

*Robert W. Upton* and *John M. Stark* (*Mr. Upton* orally), for the libelee.

PLUMMER, J.   The marriage ceremony performed between the libelant and the libelee November 17, 1914, had no validity and was absolutely void, if the libelant was married at that time.   If such were the case, the only order that could be made in this case would be a decree of nullity.   *Bickford* v. *Bickford*, 74 N. H. 448, 453.

The libelant contends that as there was a marriage ceremony performed between her and the libelee, it was incumbent upon the libelee to prove that it was not a valid marriage; that Sayles was alive and was her lawful husband when the divorce case of *Sayles* v. *Sayles* was tried in October, 1914.   Assuming that this contention is correct, it does not aid the libelant, because her application for a divorce from Sayles was an admission that he was then living and was her lawful husband, and authorized the finding of these facts.

The libelant also claims that the memorandum, "divorce decreed, cause desertion," made by the trial court upon the back of the libel in *Sayles* v. *Sayles* when that cause was heard October, 1914, was a final decree of divorce.   This contention cannot be sustained.   The minutes entered by the court upon the back of the libel were simply a finding of fact, upon which a final decree of divorce might be entered at the judgment day of that term of court.   The judgment day is the last day of the term of a court unless a special judgment day is ordered.   *New Hampshire Strafford Bank* v. *Cornell*, 2 N. H. 324, 332; *Haynes* v. *Thom*, 28 N. H. 386, 399; *Carpenter* v. *Carpenter*, 78 N. H. 440, 442.   The judgment day for this term of court was January 1, 1915, and no special judgment day was ordered in the action of *Sayles* v. *Sayles*.   Therefore the decree of divorce in that case was January 1, 1915.   The libelant can apply to the superior court to bring forward the action of *Sayles* v. *Sayles*, and move to have the decree of divorce vacated, and a decree *nunc pro tunc* entered as of the date of the hearing in October, 1914.   *Adams* v. *Adams*, 51 N. H. 388, 396; *Clough* v. *Moore*, 63 N. H. 111; *Brown* v. *West*, 65 N. H. 187. But as the case now stands the order must be

*Exceptions overruled.*

All concurred.