## BAPTIST MISSIONARY AND EDUCATIONAL CONVENTION OF TEXAS v. GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS.

No. 12010.

Court of Civil Appeals of Texas. Dallas.

Oct. 17, 1936.

Rehearing Denied Nov. 14, 1936.

W. J. Durham, of Sherman, for appellant.

De Witt Bowmer, of Temple, and Hamp P. Abney, of Sherman, for appellee.

BOND, Justice.

This suit is based on a verbal contract which appellant claims was made, with authority, by commanding officers of the two private corporations involved; and, for the breach of which appellant seeks damages.

The appellant, Baptist Missionary and Educational Convention of Texas, and the appellee, Grand Lodge Colored Knights of Pythias of Texas, are private corporations, incorporated to promote religious and benevolent efforts among the colored people of Texas. The president and chairman of the board of trustees of the Baptist organization and grand chancellor and grand attorney of the Pythian Lodge are the commanding officers of the two corporations.

The executive powers of the Baptist organization are vested in a board of trustees, selected at an annual convention of messengers, etc., from the various Baptist Churches of Texas. The president and chairman of the board of trustees, by its charter, are authorized only to "discharge the usual duties of such officers." The executive powers of the Pythian Lodge are vested in a board of directors, selected by the lodge membership.

The constitution and grand statutes of the Pythian Lodge provide, in part, that: "It shall be the duty of the Board of Directors, subject to the direction of the Grand Lodge, to pass resolutions authorizing the purchase, sale or improvement of any and all real-estate which the purposes and business of the Grand Lodge shall require, and to do and to perform any and all other duties which under the laws of the State of Texas, a board of directors is ordinarily empowered to do and to perform, not especially delegated under the Constitution and Statutes of the Grand Lodge to some other body or Commission. * * *" The Grand Chancellor's powers are limited to exercise rights of supervision over all departments of the Order, and the Grand Attorney's powers are to "represent the Grand Lodge in actions of law, act in all matters concerning bonds, securities, endowment contracts and any other matters of legal nature, subject to the advice and approval

of the Grand Lodge or Grand Chancellor. * * *"

In 1930, the Baptist Convention was indebted to the Pythian Lodge in a sum of approximately $30,000, secured by a deed of trust lien on about 14 acres of land in Houston, Harris county, Tex. The Pythian Lodge instituted suit in Harris county on the indebtedness and to foreclose the deed of trust lien; and, to avoid the consequences of the suit and other similar litigated matters, the Baptist Convention, in a district court of Tarrant county, put all of its assets consisting of the Houston property and other tracts of land in Texas, in the hands of a receiver appointed by the court. The Pythian Lodge submitted its debt and lien to the jurisdiction of such Receiver.

On January 2, 1930, the commanding officers of the respective corporations, and purportedly for the corporations, entered into a written agreement, reciting, in effect, that the Pythian Lodge would purchase all of the properties of the Baptist Convention, then held by and listed with the receiver for the sum of $85,000; and, in turn, the Baptist Convention would repurchase the properties for that amount, evidencing the consideration by 15 notes extending over a period of fifteen years, secured by a vendor's and deed of trust lien on all of the property so purchased. The contract specifically provided that such repurchase shall be consummated immediately after the deeds to the properties had been taken by the Grand Lodge.

On January 30, 1930, the Grand Lodge did purchase all the properties of the Baptist Missionary and Educational Convention of Texas from the receiver for the sum of $85,000, and accepted a duly executed deed thereto. There seems to be no contention but that the purchase was made in trust for the purpose of allowing the Baptist Convention to repurchase the same on the conditions as stated above; and, that the trustee's covenant to reconvey was not performed because of a then pending litigation between two factions of the Baptist Convention. See Wilson et al. v. Dickson et al. (Tex.Com.App.) 35 S.W.(2d) 701.

On June 30, 1931, the executive board of trustees and the Baptist Convention in session adopted a resolution, expressly acquitting the Pythian Lodge and its commanding officers, because of the pending litigation, for the delay in its performance of the trust agreement, and fully released the properties in trust and discharged the trustee from the agreement to reconvey the properties to the Convention.

The gravamen of this suit is, that on or about May 1, 1931, after the purchase of the properties by the Pythian Lodge and prior to the resolution of the executive board of trustees releasing the Lodge from its obligation to reconvey the properties, appellant entered into a verbal contract with appellee and its commanding officers, L. B. Kinchion, as grand chancellor, and A. S. Wells, as grand attorney, to the effect that, in consideration of the release and adoption of the resolution above stated, the Grand Lodge Colored Knights of Pythias of Texas would immediately on receipt of the resolution sell the 14 acres of land in Harris county for the sum of $150,000, deduct therefrom the amount of its loan, $95,000, and pay to appellant the balance of $55,000; and, in addition thereto, execute and deliver deeds to the Baptist Convention to all other properties which the Lodge purchased from the court's receiver. The breach of this alleged verbal contract conveys appellant's claim for damages.

Appellee pleaded a general denial; specially denied the authority of Kinchion and Wells to make any contract binding on the Grand Lodge; and, furthermore, pleaded the two and four years' statutes of limitation.

The cause was tried to a jury and at the conclusion of the testimony, the trial court instructed a verdict in favor of appellee; and, accordingly, rendered judgment against appellant. From this judgment, appellant appeals.

It will be observed that appellant asserts no existing rights under the trust agreement made by the commanding officers of the two corporations in January, 1930. An effective release of the properties from the trusteeship and a discharge of appellee from the performance of the agreement to reconvey the properties is conceded. Therefore, the consideration given to the appeal centers on whether there is sufficient legal evidence tending to show that appellee is liable in damages under the above alleged oral contract of May 1, 1931, in failing to sell the Harris county property for $150,000; and, conveying to appellant the other properties purchased from the receiver.

■ Thus, we are confronted with the question that, if appellant was entitled to a jury finding on any fact raised in pleadings and evidence, the action of the court in instructing a verdict was error; and, in determining the question, the court shall consider only the evidence favorable to appellant, disregarding all other evidence to the contrary. Appellant's various assignments present the issue.

In approaching this question, it will be noted that at the time of the transaction in controversy, L. B. Kinchion was grand chancellor and A. S. Wells was grand attorney, respectively, of the Pythian corporation; and, as such commanding officers, their powers were prescribed by the organic law of the Lodge, of which appellant had full knowledge, limiting their duties to a "supervision over the departments of the Order," and to "represent the Order in actions of law," respectively. It is not contended that they had any express authority to enter into the oral contract binding the corporation to a sale of the lands and control the distribution of the funds.

The charter of appellee provides that the "Board of Directors shall have the management and control of the affairs of the Corporation, with the duty, subject to the direction of the Grand Lodge, to pass resolutions authorizing the purchase, sale, or improvement of all real-estate belonging to the Order."

■ It clearly appears from the evidence that the directors of the Pythian Lodge had never authorized Kinchion and Wells to enter into the alleged oral contract; and, certainly, the charter of the Order did not clothe them with any such original authority. It is a general rule, that the commanding officers of a corporation have no power to buy, sell, or contract for the corporation, nor to control its property or funds in the absence of anything in the act of incorporation or the action of the board of directors clothing them with such power. Titus v. Cairo & F. R. Co., 37 N.J.Law, 98; Potts v. Wallace, 146 U.S. 689, 13 S.Ct. 196, 36 L.Ed. 1135; Wait v. Nashua Ass'n, 66 N.H. 581, 23 A. 77, 14 L.R.A. 356, 49 Am. St.Rep. 630; Brush Electric Light & Power Co. v. Montgomery, 114 Ala. 433, 21 So. 960; Hamilton v. Bates, 4 Cal.Unrep. Cas. 371, 35 P. 304.

■ It may well be conceded that appellant's testimony, taken alone, raises a fact issue for a determination of the jury, that Kinchion and Wells, the grand chancellor and grand attorney, respectively, of the Pythian Lodge, made the agreement under consideration. This, however, is not enough to bind appellee. Appellant must go further and show that the officers were acting with authority from those who had the power to confer such authority on them and in the manner required by the laws of the Order. The nearest approach which the evidence comes to show that the Grand Lodge or the directors of the Order authorized or ratified the acts of its commanding officers in making the agreement, if such may be considered as tending to show such fact, is found only in the testimony of J. B. Adair and Will Ray; Adair and Ray testified that they, as spectators, attended a session of the Pythian Grand Lodge at Waco, Tex., some time in 1931; and, in response to questions propounded, Adair said: "I was sitting up in the gallery (session hall) and someone made a motion that the contracts that Mr. Kinchion and Mr. Wells had made would be affirmed by this Grand Lodge; the motion was seconded, presented to the Lodge by the presiding officer, vote taken, carried, and their action affirmed"; and Ray testified pretty much to the same effect, that "he (a delegate) was making a speech that Mr. Kinchion had spent $85,000 for property, and that the other officers in the session didn't know anything concerning it, and after he was seated, another delegate arose to make a motion, that Mr. Kinchion and Mr. Wells be permitted to sell or dispose of any property that was then in the hands of them to do so. The motion was made, seconded, vote taken, and carried." This is all the evidence bearing on the subject. We cannot see how this testimony gives aid or comfort to appellant in this case. It does not bear evidence that the Grand Lodge in any way clothed Kinchion and Wells with authority to make the oral contract involved in this cause. At most, it could only be interpreted as directing a sale of the properties which the Grand Lodge had previously purchased. It falls short of directing a sale under the contract declared upon, or authorizing a dissipation of the funds to appellee. We think the testimony is wholly insufficient

to raise a fact issue, as to carry the question to the jury.

On the question of limitation, which we deem is unnecessary to determine in the light of which we have said above, suffice to say that appellant's evidence raises a fact issue as to whether the time of performance of the oral contract declared on was extended by agreement of the contracting parties to a period of two years from May 1, 1931, this suit having been filed April 28, 1934; thus considered, we think the two years' statute of limitation could have no application.

Viewing the entire record from the standpoint of appellant's evidence alone, we are of the opinion that the trial court's action in instructing a verdict in favor of appellee was not error; therefore, appellant's assignments are overruled; judgment affirmed.

Affirmed.