[No. 32827. Department One. June 1, 1954.]

ARLENE M. SAVILLE, *Respondent*, v. ALLISON W. SAVILLE, *Defendant*, THE PROSECUTING ATTORNEY OF KING COUNTY, *Appellant*.[1]

*Charles O. Carroll* and *Virginia S. Mueller*, for appellant.

HAMLEY, J.—Arlene M. Saville brought this action against Allison W. Saville to obtain an annulment of their marriage, upon the ground of fraud. An order of default was obtained, and, after hearing, a decree of annulment was entered. The prosecuting attorney of King county appeals. Respondent wife has not filed a brief in this court.

It is appellant's position that the grounds alleged and concededly proven warrant the entry of a decree of divorce, but not a decree of annulment. The public importance which appellant prosecuting attorney attaches to the case

[1] Reported in 271 P. (2) 432.

is apparently due to the fact that the ninety-day waiting period which is required in divorce actions (RCW 26.08.040 [*cf.* Rem. Supp. 1949, § 997-4]) is not required in the case of annulment. RCW 26.08.050 [*cf.* Rem. Supp. 1949, § 997-5]. The ninety-day waiting period was not complied with in this case.

The trial court's findings, which are not questioned by appellant, establish the following facts: The parties participated in a marriage ceremony in New York city on October 11, 1953. No children have been born to the parties, and no property has been accumulated. Respondent was induced to enter into the marriage through the fraud of defendant. The fraud consisted of defendant's preconceived intention of not having respondent live with him and of his settled intention to deny to her those things normally incident to the institution of marriage, including her conjugal rights. Defendant made admissions to this effect to respondent. The parties have not lived together, and the marriage was not consummated. Respondent returned to her home in Seattle immediately upon learning of defendant's attitude and of the fraud which had been practiced upon her.

■ Under the facts summarized above, this was a voidable marriage. *Harding v. Harding,* 11 Wn. (2d) 138, 118 P. (2d) 789. Calling attention to this fact, appellant argues that whatever jurisdiction the court formerly may have had to annul voidable marriages has been withdrawn by the enactment of the divorce act of 1949 (Laws of 1949, chapter 215, p. 698). It is contended that, under the present law, only void marriages may be annulled, and that divorce is the only remedy in the case of voidable marriages.

Prior to the 1949 enactment, the jurisdiction of the court to annul marriages rendered voidable because of fraud of the kind practiced here was considered, by way of *dictum,* in *Harding v. Harding, supra.* It was stated in that opinion that, in cases where the evidence showed a preconceived intent not to consummate the marriage, the authorities quite generally hold that a decree of nullity may be granted. It was further stated that, under Rem. Rev. Stat., § 8449

(now RCW 26.04.130), facts might be shown justifying a court in annulling a marriage for fraud. At an earlier point in the *Harding* opinion, reference was also made to Rem. Rev. Stat., § 983, quoted below, apparently as tending to support the request for annulment.

Annulment was actually disallowed in the *Harding* case, however, as there was no evidence that the failure to consummate the marriage by cohabitation was pursuant to an intent formed prior to the ceremony. It is this circumstance which makes it necessary to characterize as *dictum* the pronouncements in the *Harding* opinion referred to above.

The statutes which the court referred to in *Harding* read as follows:

"When either party to a marriage is incapable of consenting thereto for want of legal age or a sufficient understanding, or when the consent of either party is obtained by force or fraud, such marriage is voidable, but only at the suit of the party laboring under the disability, or upon whom the force or fraud is imposed." RCW 26.04.130.

"When there is any doubt as to the facts rendering a marriage void, either party may apply for, and on proof obtained [obtain], a decree of nullity of marriage." Rem. Rev. Stat., § 983.

In taking the position that the courts of this state are no longer authorized to annul voidable marriages, appellant points to certain changes in the divorce statutes accomplished by the divorce act of 1949.

One of these changes is the restatement of the first ground for divorce (RCW 26.08.020 (1), formerly Rem. Rev. Stat., § 982 (1)) to include every ground which is set forth in RCW 26.04.130 relating to voidable marriages. This ground for divorce, with the words added in 1949 shown in italics, reads as follows:

"(1) When the consent to the marriage of the party applying for the divorce was obtained by force or fraud, and there has been no voluntary cohabitation *after the discovery of the fraud, or when either party shall be incapable of consenting thereto, for want of legal age or a sufficient understanding.*"

Another of these changes is the repeal of Rem. Rev. Stat., § 983; quoted above, and the enactment of RCW 26.08.050, Rem. Supp. 1949, § 997-5, in its place. The latter statute reads as follows:

"In the case of a void marriage, either party may apply for, and on proof obtain, a decree of nullity of marriage. Such complaint shall be filed in the county in which plaintiff is a *bona fide* resident at the time of commencing such action."

A third change bearing upon the question before us is to be found in RCW 26.08.030 (formerly Rem. Rev. Stat., § 984), relating to residence requirement. One-year residence within the state was formerly required in the case of annulment, as well as in divorce proceedings. Under the 1949 act, this requirement applies only to divorce actions.

Appellant argues that these changes in the divorce act evidence the intent of the legislature to limit annulment proceedings to cases involving void marriages. Interpretive articles tending to support this contention are to be found in 23 Wash. L. Rev. 320 *et seq.* and 24 Wash. L. Rev. 123 *et seq.*

In our opinion, the effect of the 1949 enactment is to make divorce the exclusive remedy for dissolving marriages which are voidable under RCW 26.04.130. The inclusion in the amended form of RCW 26.08.020 (1), setting out the first statutory ground for divorce, of all the circumstances which render a marriage voidable under RCW 26.04.130, could have no other purpose.

It may be noted that RCW 26.04.130, relating to voidable marriages, does not specify the remedy to be followed. Hence, no question of repeal by implication of RCW 26.04-.130 is presented.

The view just expressed requires reversal of the judgment.

We express no opinion as to appellant's broader thesis, that the remedy of annulment is no longer available in any case where the marriage is voidable, as distinguished from void. Marriages may be voidable for reasons other than those specified in RCW 26.04.130. For example, certain

marriages are prohibited by statute. RCW 26.04.030 [*cf.* Rem. Rev. Stat., § 8439]. A marriage in violation of this statute would be voidable and not void. *In re Hollingsworth's Estate,* 145 Wash. 509, 261 Pac. 403; *In re Romano's Estate,* 40 Wn. (2d) 796, 246 P. (2d) 501. Unless all of the circumstances which render a marriage voidable under RCW 26.04.030 are included within the statutory grounds for divorce, annulment is the only remedy. There may be other cases of this kind.

We are not in accord with appellant's view that, upon a remand of this case, a decree of divorce may be entered under RCW 26.08.020 (1). An annulment may be entered in an action instituted as a divorce proceeding. *Sortore v. Sortore,* 70 Wash. 410, 126 Pac. 915. However, we are not satisfied that the reverse is true, at least where, as here, an order of default has been entered against the defendant.

The judgment is reversed.

GRADY, C. J., MALLERY, FINLEY, and OLSON, JJ., concur.